### In re ROSENSTEIN et al.

(Circuit Court, S. D. New York. June 28, 1893.)

CUSTOMS DUTIES—TARIFF ACT OF OCTOBER 1, 1890—SEELIG'S KAFFEE OR COFFEE—CLASSIFICATION.

An imported article styled on the wrapper in which the same is imported "Seelig's Kaffee" and "Seelig's Coffee," but invoiced as chicory, which is composed of more than 68 per cent. of its total weight, but of only about 43 per cent. of its total value, of chicory root, which possesses, as its predominating flavor, that of chicory root, and which is mixed with coffee for use, or is used alone like coffee, is not dutiable at the rate of 2 cents per pound, as chicory root in any of the conditions provided for in paragraph 317, Schedule G, of the tariff act of October 1, 1890, (26 Stat. 588,) but is dutiable at the rate of 1½ cents per pound, as an article used as coffee, or as a substitute for coffee, under the provision for such articles contained in paragraph 321 (same schedule) of that tariff act.

At Law. Appeal by importers from a decision of the board of United States general appraisers.

The firm of Rosenstein Bros., imported by the "Conemaugh," March 11, 1891, by the "Veendam," April 9, 1891, by the "Amsterdam," May 4, 1891, and by the "Spaarndam," May 7, 1891, from a foreign country, into the United States, at the port of New York, certain merchandise invoiced as "chicory," and styled on the wrappers containing the same "Seelig's Kaffee" and "Seelig's Coffee." This merchandise was classified for duty at the rate of 2 cents per pound, under the provision for "chicory root, burnt or roasted, ground or granulated, or in rolls, or otherwise prepared, and not specially provided for in this act," contained in paragraph 317 of the tariff act of October 1, 1890, (26 Stat. 588;) and duty at that rate was exacted thereon by the collector of customs at that port. Against this classification and this exaction the importers duly protested, claiming that this merchandise was not chicory root, burnt or roasted, ground or granulated, or in rolls, or otherwise prepared, but was an article used as coffee, or as a substitute for coffee, and was therefore dutiable at 1½ cents per pound, under the provision for "dandelion root and acorns prepared, and other articles used as coffee, or as substitutes for coffee, not specially provided for in this act," contained in paragraph 321 of the same tariff act.

Upon the receipt of the importers' protests, the collector, pursuant to section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137,)

transmitted the invoices of this merchandise, and all the papers and exhibits connected therewith, to a board of three United States general appraisers, on duty at this port. The board of general appraisers, having examined the case thus submitted, overruled the importers' protests, and affirmed the classification and the exaction of the collector. The importers, being dissatisfied with the decision of the board of general appraisers, applied, pursuant to section 15 of the customs administrative act, to the United States circuit court for the southern district of New York for a review of the questions of law and fact involved therein. In compliance with an order granted upon such application, the board of general appraisers made their return to the circuit court, and thereafter further evidence was taken in that court.

From the evidence in the case it appeared that the merchandise in suit was composed of 1,250 kilograms of chicory root, 500 kilograms of beet root, 28 kilograms olive oil, and 56 kilograms of sirup, or more than 68 per cent. in weight of chicory root; that the percentage in value of the chicory root in this merchandise was 43.85 per cent. of its total value, but that the percentage in value of any single one of the other ingredients of this merchandise was unknown; that the predominating flavor of this merchandise was that of chicory root; that this merchandise was produced in Germany by grinding together into a paste-like substance, with a very little moisture in it, these different ingredients in the respective weights above mentioned, but that, as imported, it was in the form of rolls or cylindrical shaped sticks, each of which was inclosed in a paper wrapper, with, among other things printed thereon, directions for preparing it for use; that these directions were, in substance, to add one part of it to two or three parts of coffee, to pour boiling water over the mixture, and to let this mixture then draw for five minutes, and afterwards to strain off the decoction thus obtained; that according to one of the above-named importers, who testified that his firm was the sole importers and agents for the sale of this merchandise in the United States and Canada, its use was to put into coffee to give it a better flavor; that, according to the information of other witnesses who testified in this case, it was used by the poorer classes of German, Polish, and Hebrew people as a substitute for coffee; that this merchandise was much cheaper than coffee, and was worth only about six cents per pound; that chicory root was used as a substitute for coffee; that chicory root, burnt or roasted, ground or granulated, was imported, among other packages, in square, cubic, and oblong shaped packages, and in rolls or cylindrical shaped packages; and that, with the exception of chicory root in the conditions mentioned, there was no other kind of chicory root that was imported in rolls or cylindrical shaped packages than the merchandise in suit and like articles.

Comstock & Brown, (Albert Comstock, of counsel,) for importers.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (orally.) The impression which I have formed in reading the various decisions of the supreme court, touching classification according to components, is that the fundamental system of division is the value. In this particular case it appears by the testimony that of this compound but about 43 per cent. in value is chicory root. That being so, I do not think the importation here can be fairly classified as chicory root, under paragraph 317. If the addition of foreign substances was trivial in amount and value, the situation would be different; but inasmuch as over 30 per cent. of the composition is not chicory root at all, and the value of the chicory root in the compound is about 43 per cent., it must be found somewhere else in the act than in the paragraph which provides for chicory root. It is found in paragraph 321, which provides for dandelion root and other ar-

ticles used as substitutes for coffee. The decision of the board of appraisers is therefore reversed, with the direction to classify the article under paragraph 321.